ORIGINAL

# UNITED STATES DISTRICT COURT
## For the
## EASTERN DISTRICT OF NEW YORK

**CV11-2643**

IN THE MATTER OF THE COMPLAINT OF

Lorna Mansour and Kenneth Vaphides
Claim No: 2010PI020419 AND Claim No: 2010PI020421

-against-

**TOWNES, J.**

THE CITY OF NEW YORK
And
THE NEW YORK CITY POLICE DEPARTMENT
Attn: Corporation Counsel
100 Church St., 5th fl.
New York, NY 10007

**BLOOM, M.J.**

---

## NOTICE OF COMPLAINT

---

Lorna Mansour
361 Grandview Avenue, Apt 1B
Staten Island, NY 10303
(646) 209-7951
lmansour1@si.rr.com

Kenneth Vaphides
4720 Arthur Kill Road
Staten Island, NY 10309
(347) 465-2450



RECEIVED MAY 26 2011 PRO SE OFFICE

# UNITED STATES DISTRICT COURT
## For the
# EASTERN DISTRICT OF NEW YORK

---

TO: COMPTROLLER OF THE CITY OF NEW YORK
ATTN: CORPORATION COUNCIL, CITY OF NEW YORK

PLEASE TAKE NOTICE that the undersigned plaintiffs hereby make complaint and demand against the City of New York and the New York City Police Department, as follows:

**The nature of the complaint:**

To recover for violation of Civil Rights, assault, battery, brutality, misconduct, unlawful detention, false arrest, unlawful imprisonment, intimidation, negligence, emotional and mental anguish verbal abuse, verbal threats and physical distress to the Plaintiffs, Lorna Mansour and Kenneth Vaphides.

Lorna Mansour
361 Grandview Avenue, Apt 1B
Staten Island, NY 10303
(646) 209-7951
lmansour1@si.rr.com


Kenneth Vaphides
4720 Arthur Kill Road
Staten Island, NY 10309
(347) 465-2450

<u>1</u>

# UNITED STATES DISTRICT COURT
## For the
## EASTERN DISTRICT OF NEW YORK

Lorna M. Mansour CLAIM NO: 2010PI020419
and
Kenneth W. Vaphides CLAIM NO: 2010PI020421
**Pro Se**

        Plaintiffs
        -Versus-

Civil Action#_____

THE CITY OF NEW YORK
        And
THE NYC POLICE DEPARTMENT

**Jury Trial Demanded**

        Defendants

TO: COMPTROLLER OF THE CITY OF NEW YORK
ATTN: CORPORATION COUNCIL, CITY OF NEW YORK

1) **The name and post-office address of each Plaintiff**

Lorna Mansour
361 Grandview Avenue, Apt 1B
Staten Island, NY 10303
(718) 982-7715

Kenneth Vaphides
4720 Arthur Kill Road
Staten Island, NY 10309
(718) 568-7060

## PRELIMINARY STATEMENT

2) The incident occurred on March 3, 2010, beginning at approximately 4:42 pm across from 361 Grandview Avenue, County of Richmond, City of Staten Island, State of New York, Plaintiffs, Lorna Mansour(LM) and Kenneth Vaphides(KV) were peacefully inside Lorna Mansour's legally parked automobile across from 361 Grandview Avenue, County of Richmond, City of Staten Island, State of New York, when three unmarked cars approached and surrounded the claimants vehicle and approximately four or five men with guns in hand alighted from the unmarked cars and surrounded the claimant's vehicle and claimants were improperly and unlawfully directed by one unidentified man, later identified as a police officer, badge number 7536, to exit the Plaintiffs' vehicle. Their guns (all) drawn and pointed at Plaintiffs Heads through the windshield. Further, the same police officer broke the window to the claimants' car and claimant Kenneth

**2**

Vaphides was forcefully removed from the vehicle. At this time, police officers in uniform and marked vehicles arrived. Plaintiff, Lorna Mansour exited her car and she was handcuffed, searched and taken into custody by a NYPD SCU female officer who was called to the scene, 361 Grandview Avenue, County of Richmond, City of Staten Island, State of New York, (She is a good officer and helped to restore LMs' faith that there are good officers). She called the NYPD SCU members still searching Lorna Mansour's vehicle, to check on Kenneth Vaphides three times, each time she asked, what she was supposed to charge Lorna Mansour with and each time she received no answer. Lorna Mansour was taken to the New York City Police Precinct Number 120, 78 Richmond Terrace, Staten Island, NY 10301, where Lorna Mansour was placed in a jail cell overnight taken to Criminal Court, 67 Targee Street, Staten Island, NY 10304, the next morning, arraigned and then released at approximately 2:30 pm. Kenneth Vaphides was additionally handcuffed, taken into custody, brought to the same New York City Police Precinct, Number 120, 78 Richmond Terrace, Staten Island, NY 10301, placed in a jail cell overnight, taken to Criminal Court, 67 Targee Street, Staten Island, NY 10304, the next morning and then released at approximately 5:00 pm. Additionally, claimant Kenneth Vaphides personally viewed the unidentified Police Officers searching the interior of Lorna Mansour's vehicle across from, 361 Grandview Avenue, Staten Island, NY 10303, as well as the second illegal search of Lorna Mansour's car and trunk beside Total Electric, 388 South Ave, Staten Island, NY 10303. Two officers undercover and unidentified drove first to Mobile gas station, South Auto Repair, 2294 Forest Avenue, Staten Island, NY 10303. They picked up 7536's partner who verbally threatened Kenneth Vaphides with physical harm. The two unidentified, undercover officers also part of the NYPD SCU waited in their vehicle with Kenneth Vaphides at Netherlands Ave, between South Ave and Grandview Ave, Staten Island, NY 10303, approximately 15 minutes, until the second illegal search at Cable Way, beside Total Electric, 388 South Ave, Staten Island, NY 10303, was finished and nothing new was found. KV and LM were processed with out the (arresting) officers present and no paperwork, not told what they were being arrested for or, that they were arrested. LM and KV never received a Miranda warning, or were told their charges. (Two illegal searches yielded a bait knife found, completely out of sight, in an inner pocket of Lorna Mansour's vehicle door). (**Fruit from the poison tree**.) Additionally, claimants have been maliciously prosecuted for Criminal Possession of a weapon, disorderly conduct, obstruction of government administration and resisting arrest, all to claimants' personal injury and suffering and all without justification by New York City, its agents, servants and employees and the New York City Police Department.

3) This Law Suit, brought by Plaintiffs Lorna Mansour (LM) and Kenneth Vaphides (KV) on behalf of ourselves and the residents of Mariners Harbor Housing, residents of Staten Island, and of New York City, challenges the unconstitutional policies and practices of the New York City Police Department and The New York City Police Departments Special Crimes Unit (referred from here on as NYPD SCU).

4). Members of the NYPD SCU engage in a policy of using excessive force against

3

citizens, assault, battery, brutality, verbal abuse, verbal threats, misconduct, unlawful detention, false arrest, unlawful imprisonment, intimidation, negligence, causing emotional and mental anguish and physical distress to the Plaintiffs, Lorna Mansour and Kenneth Vaphides.

5) Members of the NYPD specifically the Special Crimes Unit (SCU) assigned to the 120 Precinct engage in a policy and practice of unlawfully seizing and arresting citizens, unlawfully seizing and searching private property in Violation of the Fourth Amendment of the United States Constitution, New York State law and established NYPD Procedure..

a) Members of the NYPD SCU stop citizens walking down the street, detain, search, with no probable cause and no UF-250 written for the stop which is in violation of the Fourth Amendment, State law and not consistent with established and written NYPD Procedure.

b) Members of the NYPD SCU search vehicles illegally in violation of the Fourth Amendment of the Constitution, state law as well as established NYPD Police procedure.

c) Members of the NYPD SCU conducted a level four interaction with legally parked citizens with no probable cause. NYPD SCU illegally and unlawfully, searched vehicle at scene, even after the owner, Lorna Mansour clearly told NYPD SCU they have no permission to search vehicle,

d) Members of the NYPD SCU illegally drove Lorna Mansour's vehicle from across 361 Grandview Ave, Staten Island, NY 10303, with out permission to Cable Way a street, beside Total Electric, 388 South Ave, Staten Island, NY 10303 a different location to search vehicle a second time with out permission from the owner in violation of the Fourth Amendment of the Constitution, state law, as well as established NYPD Police Procedure.

e) Members of the NYPD SCU illegally searched the trunk of said vehicle with out, permission from the owner, a search warrant, or probable cause at Cable Way a street, beside Total Electric, 388 South Ave, Staten Island, NY 10303 in Violation of the Fourth Amendment and New York State Law and established NYPD Police Procedure.

f) Members of the NYPD SCU illegally drove Lorna Mansour's vehicle from Cable Way a street , beside Total Electric, 388 South Ave, Staten Island, NY 10303 and drove said vehicle with out permission and drove it to the New York City Police Precinct Number 120, 78 Richmond Terrace, Staten Island, NY 10301.

g) Members of the NYPD SCU drove car from New York City Police Precinct Number

4

120, 78 Richmond Terrace, Staten Island, NY 10301, to 227 South Avenue, Staten Island, NY 10303, again with out owners permission, again in violation of the Fourth Amendment and established NYPD Police procedures.

6) Members of the NYPD SCU also engage in Racial Profiling. Kenneth Vaphides is a Blond, Blue eyed, Caucasian Male. Lorna Mansour, his long time girlfriend lives in a Minority neighborhood, Mariners Harbor Housing, part of New York City Housing Authority. Lorna Mansour is a green-eyed, brown haired, Hispanic female with a Middle Eastern surname. Members of the SCU from October of 2006 until the present have been verbally abusing, verbally intimidating and miss-using the authority of their positions and threat of arrest. They have stopped Kenneth Vaphides walking on his way from the local store to detain, frisk, verbally abuse, physically intimidate and abuse the power of their office. This happens to Kenneth Vaphides as well as other members of the Mariners Harbor Community. The NYPD SCU tells Kenneth Vaphides to find another girlfriend in Tottenville, that he doesn't belong in this neighborhood or with Lorna Mansour. NYPD SCU tells him that every time they see him they will abuse their power because he does not belong here. They told us that they would stop us each and every time they have an opportunity too. Kenneth Vaphides and I Lorna Mansour refer to this as in a Minority Neighborhood.

We refer to the numerous violations of our Civil rights from October 2006 until the present as <u>Driving While White or Light or Walking While White or Light</u> in a Minority Neighborhood.

7) Members of the NYPD SCU make a practice of seizing (the unidentified NYPD SCU used all three vehicles to prevent Lorna Mansour's vehicle from moving from a parked position) approaching legally parked cars with lawful occupants, unidentified and plain clothed with guns drawn and pointed at Plaintiffs heads. No badges, no sirens, no lights, no identification that they were NYPD SCU Police Officers. These unlawful actions are against (Plaintiffs called 911 and asked for assistance.)

8) Members of the NYPD SCU (Leader of the gang, later identified as NYPD Badge #7536) began screaming and cursing outside the window and pointing their gun at our heads telling us to get out of the car. Plaintiffs, extremely nervous because of the screaming and the guns stayed in the car waiting for the Police to respond to this threatening gang of armed and screaming men. The uniformed officers in the marked car arrived in record time.

9) Members of the NYPD SCU finally identified themselves as police to uniformed officers. When asked to produce their badges by plaintiffs as well as his name and rank, unidentified man (7536) told us he didn't have to show his badge. Plaintiffs asked all members of the NYPD SCU at scene to show badges, their names and rank, Plaintiffs were told NYPD SCU didn't have to show badges and (37536)was obviously outraged that Plaintiffs asked for Probable Cause.

5

10) An officer of NYPD SCU (later identified as badge # 7536) enraged, and obviously out of control, began using his elbow to break drivers side window of Lorna Mansour's vehicle even though another unidentified NYPD SCU officer had brought him a metal stick like object for this purpose. Plaintiffs released the locks of vehicles and were roughly treated because of the obvious outrage of badge #7536 that the Plaintiffs expected to be treated like citizens of the United States of America with Civil Rights. Plaintiffs were roughly pulled out of vehicles and Kenneth Vaphides was thrown to the ground even though we weren't resisting.

Plaintiffs were verbally abused and taunted by still unidentified NYPD SCU (badge#7536) Plaintiffs clearly asked for everyone to take out their badges and their names and rank no one responded or showed their badges.

11) Lorna Mansour, finally able to take her focus off the enraged and threatening Officer (badge# 7536) noticed the man next to her passenger side of the car was Funny guy from the October 06, 2007 illegal stop, Silver car, License plate #DCX - 9963. LM also noticed behind her vehicle, drivers side, was young recruit form June 19, 2008 illegal search and seizure, McDonalds incident, CCRB report # 00808783 Rust Van license plate #.CRH - 8295.

12) Lorna Mansour then asked Funny guy and all of the officers at the scene to again show their badges and give her their names and rank again she was ignored. The two CCRB reports will show the NYPD SCU's tendency to not wear their badges or give their names or ranks when asked. Kenneth Vaphides informed officers that we have a case with Inspector Jarret from the Civilian Complaint Review Board (CCRB) case #200808783.

(included a picture taken 03/03/10 at approximately 4:53 p.m. by Lorna Mansours' neighbor(she prefers her name undisclosed), 361 Grandview Avenue, Apt 1A, Staten Island, NY 10303). This picture has Funny Guy from October 06, 2007, NYPD SCU illegal stop, note also at the March 03, 2010, stop. <u>Please focus on his chest and no badge showing.</u> This was after Lorna Mansour was frisked by the decent and kind female officer and beginning her trip to the precinct.)

13) Plaintiffs frightened by the rough treatment they was receiving as well as the verbal abuse they both were receiving made sure badge #7536 knew that this incident would and will be reported to the CCRB. CCRB case #201003112

14) Lorna Mansour arrived at precinct about 5:30 pm. Kenneth Vaphides arrived at the precinct approximately 45 minutes later.

15) Lorna Mansour found out weeks later that she was illegally arrested over the bait knife Kenneth Vaphides uses to cut up bait for fishing even though Kenneth Vaphides proclaimed that the bait knife found (out of sight in the door pocket) belonged to him. **<u>We proclaim the bait knife to be fruit from the poison tree.</u>**

<u>**6**</u>

16) As a result of these unconstitutional policies and practice New York City residents in Mariners Harbor and Staten Island as well as the rest of New York City suffer ongoing harm. We face the humiliation and of the helplessness we feel because of the Unconstitutional abuse of Power these SCU officers wield like a club. They beat down any opposition with the threat of incarceration. The people of Mariners Harbor Housing, Staten Island, New York, 10303, have a fear of Police Officers and Law enforcement

Officials in general, never mind the gang like behavior the NYPD SCU employs.

17) In addition, the challenged policies and practices severely limit Lorna Mansour ability to live independently with her Disability (Multiple Sclerosis). These challenged policies and practices also limit Kenneth Vaphides ability to help his longtime girlfriend to live independently and help limit her stress to maintain her health.

18) These policies and practices generate fear and distrust as well as a feeling of imprisonment in their own neighborhood. Lorna Mansour who has lived in this neighborhood for 39 years, has Multiple Sclerosis, and has felt the ill effects of this disease since early childhood. This disease severely limits her physical, mental, emotional and cognitive ability. Stress makes her unusually fatigued. LM and KV fears the NYPD SCU's unlawful power which causes them stress. Kenneth Vaphides and Lorna Mansour after their false arrest and unlawful incarceration on March 4, 2010, stopped driving for three months. Lorna Mansour and Kenneth Vaphides from June, 2010, until the present, no longer take the direct route home. They will go a half mile out of there way to avoid areas in which the NYPDSCU may be laying in wait. They mostly stay indoors when they are together for fear of, false arrest and the resulting unlawful incarceration. The car Lorna Mansour owns is insured, registered, inspected and both Lorna Mansour and Kenneth Vaphides are New York State licensed drivers.

19) The policies and practices challenged here constitute the official municipal policy of the Defendant City of New York and Defendant New York City Police Department. First, the seizure of law abiding citizens with out Probable Cause of criminal activities constitutes the official policy of the City Defendants and the Defendant the New York City Police Department. Secondly, the unlawful seizures and arrests of, and excessive use of physical force as well as verbal threats against law abiding citizens constitute municipal policy because they occur with such frequency as to amount to a custom and usage of the City-Defendants. Finally, City Defendants' failure to appropriately train and supervise the members of the NYPD SCU in order to address a known pattern of unconstitutional arrests and seizures and the use of excessive force amounts to deliberate indifference, thus constituting official municipal policy.

20) The City of New York and the New York City Police Department engaged in intentional, reckless, careless and negligent conduct; assaulted and battered the Claimants: falsely arrested the Claimants; unlawfully detained the claimants; falsely arrested the claimants; failed to conduct an investigation and/or proper investigation into

the underlying matter that formed, purportedly the basis of the unlawful arrest, detention and imprisonment; unlawfully imprisoned the Claimants; violated their local, state, and federal civil rights; failed to follow the code and caution required by the New York City Police Department to be exercised by New York City Police Officers under the attendant circumstances; failed to keep the peace; failed to use the degree of care and caution that would be reasonable under the circumstances; failed to maintain law and order; breached

their duties to the Claimants and to the public in general; made unauthorized arrests, detention and imprisonment; and the City of New York and the New York City Police Department were further negligent in the hiring of said police officers; in failing to properly train its officers in the execution of their duties; in failing to properly supervise its officers; and negligently retaining said police officers.

21)   The Plaintiffs for three months after their false arrest and malicious prosecution that is still ongoing Lorna Mansour parked her vehicle (2 miles away) a bus ride away in a different neighborhood to avoid NYPD SCU on Fridays.

Lorna Mansour and Kenneth Vaphides rightfully feared incarceration on weekends, which could mean jail until Monday afternoon. Due to Lorna Mansour's serious illness this would have severely affected her health. KV also feared incarceration on such a level. Kenneth Vaphides is afraid to walk around his girlfriend Lorna Mansours' neighborhood and only when extremely necessary would drive one mile to Sunoco, instead of walking to the neighborhood store, because of fear of the NYPD SCU.

### Jurisdiction and Venue

22)   This action is authorized by 42 U.S.C., Section 1983. Subject matter jurisdiction for these federal claims rest upon 28 U.S.C Section 1331 and 1343(a) (4).

23)   Pursuant to 28 U.S.C., Section 2201 and Section 2202, this Court has jurisdiction to declare the rights of the parties and to grant all further relief deemed necessary and proper. Rule 65 of the Federal Rules of Civil Procedure authorizes injunctive relief. The Court has authority to award costs and attorney fees under 42 U.S.C., Section 1988.

24)   Venue is proper in this judicial district pursuant to 28 U.S.C., Section 1391 (b), as this is the district in which a substantial part of the events or omissions giving rise to Plaintiffs" claims occurred.

### What I pray for and the people of NYC need

Plaintiff, Lorna Mansour needs to be <u>moved out of the New York City Police Precinct Number 120, 78 Richmond Terrace, Staten Island, NY 10301, jurisdiction.</u> Lorna Mansour and Jasmine Mansour, (Lorna Mansour's eighteen year old adult child), are concerned and are afraid of the excessive force against citizens, assault, battery,

**8**

brutality, verbal abuse, verbal threats, misconduct, unlawful detention, false arrest, unlawful imprisonment, intimidation, negligence, persecution, harassment, and bullying that her mother has suffered. Jasmine Mansour who suffers from Aspergers Syndrome has recently obtained her New York State Learners Permit and will soon be driving legally.

Lorna Mansour is asking for a two bedroom apartment at The Berry Houses, 26 Dongan Hills Avenue, Staten Island, NY 10306, A two bedroom Apartment is what Lorna Mansour currently resides in at 361 Grandview Avenue, Staten Island, NY 10303, (Lorna Mansour has an adult child over 18 years old who needs her own bedroom.) Lorna Mansour needs her privacy because of the ongoing pain and depression associated with her illness (Multiple Sclerosis). 2. Lorna Mansour also needs to be near her family who work at You Can Drive It, INC, 253 New Dorp Lane, Staten Island, NY 10306. The NYCHA development, the Berry Houses is approximately ten minutes away from the family business.

Plaintiff Lorna Mansour wants to take a walk with her child, Jasmine Mansour and boyfriend Kenneth Vaphides with out fear of having her and their Fourth and Fourteenth Amendment rights violated. Lorna Mansour wants to be able to spend time in public with her longtime boyfriend Kenneth Vaphides with out fear of the NYPD SCU.

Plaintiff, Lorna Mansour suffered emotional distress, pain and suffering as a result of the unlawful assault, battery, detention, false arrest and imprisonment and negligence of The City of New York and the New York City Police Department, its agents, servants and employees. Furthermore, the claimant suffered injury to her character and reputation and is entitled to punitive damages as well as compensatory damages.

Plaintiff, Kenneth Vaphides suffered emotional distress, pain and suffering as a result of the unlawful assault battery, detention, false arrest and imprisonment and negligence of The City of New York and the New York city Police department, its agents, servants and employees. Furthermore, the claimant suffered injury to his character and reputation and is entitled to punitive damages as well as compensatory damages.

Total Amount Claimed: $3,000,000.00 Lorna M. Mansour, Plaintiff.
$2,000,000.00 Kenneth W. Vaphides, Plaintiff

Plaintiffs, Lorna M. Mansour and Kenneth W. Vaphides are asking for Preliminary Injunctive Relief. Plaintiffs ask for Permanent Injunctive relief at the conclusion of this matter. Lorna Mansour and Kenneth Vaphides are asking this court to protect them from the threat of the NYPD SCU's likely retribution. Plaintiffs fear arrest and imprisonment. Plaintiffs thought the first CCRB report #200808783 ended the ongoing problem. The NYPD SCU waited one year and nine months for the opportunity to illegally seize LM's vehicle and LM and KV's person, violate LM and KV's Civil Rights, falsely arrest LM and KV, imprison LM and KV, maliciously prosecute LM and KV.

9

   NYPD SCU must at all times when in Minority neighborhoods must wear badges clearly seen and visible. NYPD SCU must treat all residents from the lowest drug addict to the youngest drug dealer with the respect due all human beings. <u>There are Humans Involved</u>. The <u>No Humans Involved Mentality</u> for poor residents in minority areas needs to be abolished. NYPD SCU must be uniformed and wear their badges clearly visible. When they are making a stop, lights and sirens must be used so they are easily identified as police. People should be informed of their rights. When NYPD SCU are questioning anyone and everyone they need to review that the person has the right to not talk to them and give cards with their name and rank and badge number. There are numerous illegal stop and frisks in this neighborhood on a daily basis, never mind a weekly, monthly, or yearly basis and only one out of a thousand are reported. UF 250's must be written for each and every encounter and questioning by NYPD SCU and uniformed officers.

   NYPD SCU must stop threats of arrest, verbal abuse, humiliation, belittling, and physical use of force must stop, some of these victims are fourteen to seventeen year old children. The unconstitutional detainment and questioning, because you look suspicious to NYPD and NYPD SCU, not because you are committing a crime, must stop. Every human being has the right to walk to their corner store to buy milk without being harassed and their Civil Rights being violated.

*Lorna M. Mansour*              Date 5-26-2011
*Lorna M. Mansour*
*361 Grandview Ave, Apt 1B*   *Pro Se*
*Staten Island, NY 10303*
1(646) 209 - 7951
**lmansour1@si.rr.com**

                         Date 5-26-11
Kenneth W. Vaphides
4720 Arthur Kill Road
Staten Island, NY 10309
1(347) 465 - 2450

**10**



Kenneth Uaphides's big fish to show proof of his fishing hobby.



Neighbor's Picture (Across from) 361 Grandview Ave

361 Grandview Ave, 1A
Staten Island NY 10303

Gray jacket = funny guy (no badge)

(badge # 7536)    4:55 - 5:00 pm   03/03/2010

lost illegal search



Lorna Mansour's 1997 Saturn SL1 Door Pocket where bait knife was found during illegal searches 03-03-2011



**NEW YORK STATE**
**DRIVER LICENSE**
ID: 291 575 040   CLASS D
VAPHIDES
KENNETH, W
4720 ARTHURKILL RD
STATEN ISLAND, NY 10309
DOB: 09-25-72
SEX: M  EYES: BL  HT: 5-11
E: NONE
R: NONE
ISSUED: 01-30-10  EXPIRES: 09-25-12   HZKVPBD517



National Saltwater Angler Registry
EXPIRES: 07/15/2011
REGISTRANT DOB: 09/25/1972
REGISTRATION #:
909384CDTJ2B

KENNETH W VAPHIDES JR
4720 ARTHUR KILL RD
STATEN ISLAND, NY 10309



 **NYS Dept. of Motor Vehicles**
**Driving School Instructor Certificate**

Name: **Mansour Lorna M**

Date of Birth **11/11/1969**   Certification **#A29424**

Class: **D**   End:   Res

School Name: **You Can Drive It Inc.**
  d/b/a

Expires: **9/30/2011**   Classroom: **Y**



**NEW YORK STATE**
**DRIVER LICENSE**
ID: 685 895 910
DOB: 11-11-69
MANSOUR, LORNA, M
361 GRANDVIEW AVE 1B
STATEN ISLAND NY  10303
SEX: F  EYES: HA  HT: 5-02  CLASS: D
E:    R: B
ISSUED: 11-12-03  EXPIRES: 11-11-11
69303330

FS-20
**GEICO** geico.com   NEW YORK STATE INSURANCE IDENTIFICATION CARD
Phone Number: 1-800-841-3000
Effective Date   Expiration Date
03/12/2010 (12:01 A.M.)   09/12/2010 (12:01 A.M.)
(Not acceptable to obtain registration after 45 days from effective date.)
Applicable with respect to the following Motor Vehicle:
1997   SATN   SL1
Year    Make   Model
1G8ZH5281VZ227713
Vehicle Identification Number   Company Code: 639

Policy Number
2001-31-06-44
An authorized NEW YORK insurer has issued an Owner's Policy of Liability Insurance complying with Article 6 (Motor Vehicle Financial Security Act) of the NEW YORK Vehicle and Traffic Law to:
MANSOUR, LORNA, M
361 GRANDVIEW AVE A1
STATEN ISLAND NY 10303

Name & Address of Issuer:
GEICO GENERAL INSURANCE COMPANY
One GEICO Plaza,
Washington, DC 20076-0001

