UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

LORNA MANSOUR and KENNETH VAPHIDES,

          Plaintiffs,

-against-

DET. DENNIS MOONEY,
DET. SCOTT CURRAN,
SGT. CORNELIUS BUCKLEY,
DET. CARL WATSON,
and CITY OF NEW YORK,

          Defendants.

---

Case No. 1:11-CV-02643 (SLT) (LB)
ECF Case

**AMENDED COMPLAINT**

**Jury Trial Demanded**

## PRELIMINARY STATEMENT

1. This is a civil rights action brought by plaintiffs Lorna Mansour and Kenneth Vaphides ("Plaintiffs"), asserting claims for false arrest and malicious prosecution in violation of the Fourth Amendment to the United States Constitution and 42 U.S.C. § 1983, as well as claims for malicious prosecution under New York law, arising from Plaintiffs' false arrest on March 3, 2010 and the prosecution that followed.

2. On March 3, 2010, defendants Dennis Mooney, Scott Curran, Cornelius Buckley, and Carl Watson (the "Individual Defendants"), acting in their capacity as members of the New York City Police Department, wrongfully stopped and falsely arrested Plaintiffs without probable cause, intentionally confining Plaintiffs in jail overnight without Plaintiffs' consent.

3. The Individual Defendants in this action then maliciously prosecuted Plaintiffs based on charges that lacked probable cause. This failed prosecution of the Plaintiffs, which languished for over two years in the New York City Criminal Court for Richmond County, was ultimately terminated in Plaintiffs' favor.

4. The Defendants in this action have implemented and are continuing to enforce, encourage and sanction a policy, practice and/or custom of unconstitutional false arrests of New York City residents, including Plaintiffs, by the New York City Police Department.

5. The Individual Defendants' constitutional abuses have been permitted to continue as a result of, and are directly and proximately caused by, policies, practices and/or customs devised, implemented, and enforced by the City of New York. Upon information and belief, the City has acted with deliberate indifference to the constitutional rights of Plaintiffs by failing to adequately screen, train, and supervise NYPD officers, and by failing to sufficiently discipline NYPD officers who engage in constitutional abuses, including the abuses described herein.

6. As a direct and proximate result of Defendants' actions, policies, practices, and/or customs, Plaintiffs have suffered significant pecuniary, physical and emotional harm. Plaintiffs therefore seek compensatory and punitive damages, fees, costs and other appropriate relief.

**JURISDICTION AND VENUE**

7. This action is brought pursuant to 42 U.S.C. § 1983 and the laws of the State of New York. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343(a)(3-4).

8. Plaintiffs further invoke the supplemental jurisdiction of this Court to adjudicate pendent state law claims pursuant to 28 U.S.C. § 1367.

9. Venue is proper in this district under 28 U.S.C. § 1391(b).

## JURY DEMAND

10. Plaintiffs demand a trial by jury in this action.

## PARTIES

11. Plaintiff Lorna Mansour ("Ms. Mansour") is currently a resident of Staten Island, New York. She is a United States citizen.

12. Plaintiff Kenneth Vaphides ("Mr. Vaphides") is currently a resident of Staten Island, New York. He is a United States citizen.

13. Detective Dennis Mooney, now retired, was a sworn officer employed by the New York City Police Department, a municipal agent of the City, who participated in Plaintiffs' arrest on March 3, 2010 and the subsequent prosecution. He is sued in his individual capacity.

14. Detective Scott Curran is a sworn officer employed by the New York City Police Department, a municipal agent of the City, who participated in Plaintiffs' arrest on March 3, 2010 and the subsequent prosecution. He is sued in his individual capacity.

15. Sergeant Cornelius Buckley is a sworn officer employed by the New York City Police Department, a municipal agent of the City, who participated in Plaintiffs' arrest on March 3, 2010 and the subsequent prosecution. He is sued in his individual capacity.

16. Detective Carl Watson is a sworn officer employed by the New York City Police Department, a municipal agent of the City, who participated in Plaintiffs' arrest on March 3, 2010 and the subsequent prosecution. He is sued in his individual capacity.

17. Defendant City of New York (the "City") is a municipal corporation organized under the laws of the State of New York. The City is authorized under the laws of the State of New York to maintain a police department, the New York City Police Department ("NYPD"), which carries out the City's policies in the area of law enforcement, and for which the City is ultimately responsible.

## FACTS

18. On or about March 3, 2010, at approximately 4:45 p.m., Ms. Mansour and Mr. Vaphides were sitting in Ms. Mansour's vehicle, parked legally across from Ms. Mansour's residence at 361 Grandview Avenue in Staten Island, New York. Mr. Vaphides was in the driver seat and Ms. Mansour was in the front passenger seat.

19. Three unmarked cars approached and surrounded Ms. Mansour's vehicle, and a group of men emerged from these vehicles with firearms drawn. None of the men wore police uniforms, none of the men had visible police badges, and none of the men identified themselves as police officers. Mr. Vaphides saw the men and told Ms. Mansour that men were approaching their vehicle with guns.

20. Unaware that the men approaching with guns were police officers, Mr. Vaphides handed Ms. Mansour her cellular phone so that she could call 9-1-1 as the men surrounded the vehicle and pointed their guns at Ms. Mansour and Mr. Vaphides.

21. Ms. Mansour dialed 9-1-1 on her cellular phone. Through the closed car window, Mr. Vaphides yelled at the man closest to the driver-side window, later identified as Detective Dennis Mooney, to identify himself. Detective Mooney answered, "You know who we are." Detective Mooney, without any probable cause, then ordered Plaintiffs to exit the vehicle. Ms.

Mansour told Detective Mooney that she was on the phone with the police. Detective Mooney responded that the as-yet unidentified men were police, but did not show Plaintiffs his badge or in any other way identify himself. Ms. Mansour asked Detective Mooney to show her his badge and state his name and rank. Detective Mooney refused to answer. Ms. Mansour informed Detective Mooney that she and Mr. Vaphides would wait to exit the car until the police arrived.

22. Detective Mooney used his elbow to break the driver-side window of Ms. Mansour's vehicle. Detective Mooney then opened the door and forcibly removed Mr. Vaphides from the vehicle, forced Mr. Vaphides onto the ground, and handcuffed him. Mr. Vaphides was then verbally abused, threatened, and slammed onto the side of another car while in handcuffs.

23. Following Mr. Vaphides's forcible removal from the vehicle, Ms. Mansour opened her car door. It was at this point that Ms. Mansour recognized one or more of the Individual Defendants from at least one previous occasion on which she and Mr. Vaphides had been illegally stopped.

24. Ms. Mansour asked the other officers at the scene for their badges, names and ranks. The officers ignored her request. When Ms. Mansour told the officers that she and Mr. Vaphides had filed a complaint against certain plainclothes NYPD officers with the New York City Civilian Complaint Review Board ("CCRB") based on a previous illegal stop in June 2008, Detective Mooney showed Ms. Mansour his badge, saying that he was not scared of the CCRB investigator.

25. Additional plainclothes police officers arrived on the scene and a crowd of neighbors gathered to watch. Ms. Mansour was searched, handcuffed and taken into custody by a female plainclothes police officer.

5

26. At this point, unidentified plainclothes officers conducted the first illegal search of Ms. Mansour's vehicle and discovered a bait knife belonging to Mr. Vaphides which he uses for fishing.

27. Ms. Mansour, who has multiple sclerosis, was then taken to New York City Precinct Number 120, where she was placed in a jail cell overnight without access to adequate food and water. She was arraigned the next morning, March 4, 2010, at the New York City Criminal Court for Richmond County and released from custody at approximately 2:30 p.m.

28. Mr. Vaphides was not taken directly to the precinct after his arrest. Instead, two officers took Mr. Vaphides into custody and drove him to a nearby Mobil gas station where they picked up Detective Mooney's partner, Detective Carl Watson. The officers then drove back to 361 Grandview Avenue with Mr. Vaphides, where Detective Watson threatened Mr. Vaphides with physical harm after learning that his partner, Detective Mooney, had injured his arm by breaking the driver-side window of Ms. Mansour's vehicle.

29. The officers then drove Mr. Vaphides a few blocks away to Cable Way and South Avenue. By that time, the police had moved Ms. Mansour's car to this location. Mr. Vaphides witnessed the police illegally search Ms. Mansour's vehicle for a second time.

30. The officers then drove Mr. Vaphides to Netherland Avenue where they parked the car for at least another fifteen minutes. Upon receiving a call from the precinct, the officers placed Mr. Vaphides under arrest for possession of the bait knife found in Ms. Mansour's vehicle during the first illegal search.

31. The officers then drove Mr. Vaphides to New York City Precinct Number 120 where he was placed in a jail cell overnight without access to adequate food and water. Mr. Vaphides was arraigned the following morning, March 4, 2010, and released on bail at approximately 3:30 p.m. Ms. Mansour and Mr. Vaphides were both charged with violations of N.Y. Penal Law § 265.01 (criminal possession of a weapon in the fourth degree, a Class A misdemeanor), and N.Y. Penal Law § 240.20(1) (disorderly conduct, a violation). Mr. Vaphides was also charged with N.Y. Penal Law § 195.05 (obstruction of government administration in the second degree, a Class A misdemeanor), and N.Y. Penal Law § 205.30 (resisting arrest, a Class A misdemeanor).

32. Because the NYPD officers lacked probable cause when stopping and arresting Ms. Mansour and Mr. Vaphides, they lacked probable cause to believe the criminal proceedings against Plaintiffs could succeed.

33. For the next two and a half years, Ms. Mansour and Mr. Vaphides each made more than a dozen required appearances in Criminal Court. Each appearance consumed large amounts of time and generated considerable stress and anxiety for Plaintiffs. Mr. Vaphides, who works in maintenance, was also required to miss a day of work, without pay, many of the times he had to go to court.

34. On or about October 24, 2012, Ms. Mansour's attorney in the criminal case filed a motion to dismiss the still-pending criminal charges. Mr. Vaphides's attorney filed a similar motion on or about November 2, 2012. The Criminal Court granted Plaintiffs' motions to dismiss on or about December 12, 2012.

35. The March 2010 arrest was not the only time that NYPD officers violated Ms. Mansour and Mr. Vaphides's constitutional rights. On or about October 21, 2006, at approximately 8:30 p.m., Ms. Mansour was driving with Mr. Vaphides in her car, heading east on Richmond Terrace in Staten Island. As Plaintiffs were about to turn onto Nicholas Avenue, NYPD officers stopped Plaintiffs' vehicle without probable cause and searched them and the vehicle.

36. On or about June 18, 2007 at approximately 6:15 p.m., Mr. Vaphides was driving with Ms. Mansour when NYPD officers pulled Plaintiffs over on South Avenue in Staten Island without probable cause, searched the vehicle, and searched Mr. Vaphides while subjecting him to rough physical treatment and verbal abuse.

37. On or about October 6, 2007, at approximately 8:30 p.m., Ms. Mansour was driving with Mr. Vaphides on Bennett Street near Port Richmond Avenue in Staten Island when three NYPD officers pulled her over without probable cause. Ms. Mansour asked the officers the reason for the stop, but the officers refused to answer.

38. On or about June 19, 2008, at approximately 8:00 p.m., Ms. Mansour and Mr. Vaphides were detained and searched without probable cause while at a McDonald's drive-through on Forest Avenue in Staten Island. Plainclothes NYPD officers advanced on Plaintiffs' vehicle, failed to identify themselves as police officers, forced Plaintiffs from the vehicle, and searched both the vehicle and Ms. Mansour's purse without probable cause. Plaintiffs filed a complaint based on this incident with the CCRB.

39.     On or about July 8, 2008, at approximately 8:00 p.m., Mr. Vaphides was walking to a store near Ms. Mansour's apartment when he was stopped and frisked without reasonable suspicion, and subjected to rough physical treatment and verbal abuse.

40.     These previous stops are part of Defendants' pattern and practice of illegally stopping and/or searching Plaintiffs without either reasonable suspicion or probable cause. Upon information and belief, some or all of the Individual Defendants were involved in one or more of these previous illegal stops and searches.

41.     As a direct and proximate result of the March 2010 arrest and prosecution, Mr. Vaphides and Ms. Mansour have suffered and continue to suffer significant pecuniary, physical, and emotional harm. Plaintiffs experienced significant emotional harm when they were arrested in front of their neighbors without probable cause. Ms. Mansour's multiple sclerosis has been aggravated by the shock she suffered during her incarceration, and by the tremendous stress she experienced while defending her criminal case for more than two and a half years. Mr. Vaphides, who has likewise suffered the shock and stress of a wrongful arrest and defense of his criminal case, has also lost wages due to the time he had to spend in criminal court. In addition, because the March 2010 stop is part of a series of illegal stops experienced by Plaintiffs and indeed is part of a pattern and/or practice employed by Defendants, Plaintiffs have lived in constant fear of an additional illegal stop, false arrest, and/or malicious prosecution, and have significantly limited the amount of time they spend outside their homes and conducting their day-to-day lives.

## CLAIM I: FALSE ARREST IN VIOLATION OF PLAINTIFFS' FOURTH AMENDMENT RIGHTS
### (All Defendants)

42. Plaintiffs incorporate by reference Paragraphs 1 through 41 of this Amended Complaint as if fully set forth herein.

43. Individual Defendants, who were at all times during the arrest and false imprisonment of Plaintiffs acting within the course and scope of their employment with the NYPD, intentionally detained, arrested, and incarcerated Plaintiffs, without Plaintiffs' consent, for one night in jail.

44. Individual Defendants lacked probable cause or any other legal basis that would justify detaining, arresting, or incarcerating Plaintiffs.

45. Accordingly, Defendants Dennis Mooney, Scott Curran, Carl Watson and Cornelius Buckley, acted with reckless and callous indifference to Plaintiffs' constitutionally protected rights and are liable to Plaintiffs for the March 3, 2010 false arrest, detention, and incarceration of Plaintiffs, in violation of Plaintiffs' Fourth Amendment rights under 42 U.S.C. § 1983.

46. The City, through the NYPD, has a pattern and practice of engaging in and/or allowing false arrests of its citizens, which violates those rights guaranteed to citizens under the Fourth Amendment. This pattern and practice of false arrests resulted in the false arrest, detention, and incarceration of Plaintiffs on March 3, 2010.

47. The City has failed to adequately screen, train, and supervise NYPD officers, and has failed to adequately monitor or discipline NYPD officers, including the Individual

Defendants. This failure to adequately screen, train, and supervise NYPD officers demonstrated deliberate indifference to the risk that NYPD officers would falsely arrest New York City citizens, and resulted in the false arrest, detention, and incarceration of Plaintiffs on March 3, 2010.

48. Defendant City of New York is therefore liable to Plaintiffs for violating their Fourth Amendment rights during the March 3, 2010 false arrest, detention, and incarceration of Plaintiffs pursuant to 42 U.S.C. § 1983.

### CLAIM II: MALICIOUS PROSECUTION IN VIOLATION OF PLAINTIFFS' FOURTH AMENDMENT RIGHTS
**(Defendants Dennis Mooney, Scott Curran, Carl Watson and Cornelius Buckley)**

49. Plaintiffs incorporate by reference Paragraphs 1 through 41 of this Amended Complaint as if fully set forth herein.

50. The Individual Defendants commenced criminal proceedings against Plaintiffs.

51. The Individual Defendants caused the prosecution of Plaintiffs despite the fact that they knew they lacked probable cause for the arrest of Plaintiffs.

52. The Individual Defendants acted with actual malice against the Plaintiffs.

53. The Individual Defendants caused the prosecution of Plaintiffs despite the fact that they knew at the time the prosecution was initiated that they lacked probable cause to believe the criminal proceedings would succeed.

54. Plaintiffs secured a favorable termination of the criminal proceedings.

55. The actions of Individual Defendants constitute malicious prosecution of Plaintiffs under the laws of the State of New York.

56. Plaintiffs were forced to attend criminal proceedings for more than two years until Plaintiffs secured a favorable termination of the proceedings—a restraint of their liberty in violation of the Fourth Amendment—as a direct and proximate cause of Individual Defendants' actions.

57. Defendants Dennis Mooney, Scott Curran, Carl Watson and Cornelius Buckley thus acted with reckless and callous indifference to Plaintiffs' constitutionally protected rights and are liable to Plaintiffs for the malicious prosecution of Plaintiffs in violation of Plaintiffs' Fourth Amendment rights under 42 U.S.C. § 1983.

## CLAIM III:  MALICIOUS PROSECUTION
**(Defendants Dennis Mooney, Scott Curran, Carl Watson and Cornelius Buckley)**

58. Plaintiffs incorporate by reference Paragraphs 1 through 41 of this Amended Complaint as if fully set forth herein.

59. The Individual Defendants commenced criminal proceedings against Plaintiffs.

60. The Individual Defendants caused the prosecution of Plaintiffs despite the fact that they knew they lacked probable cause for the arrest of Plaintiffs.

61. The Individual Defendants acted with actual malice against the Plaintiffs.

62. The Individual Defendants caused the prosecution of Plaintiffs despite the fact that they knew at the time the prosecution was initiated that they lacked probable cause to believe the criminal proceedings would succeed.

63. Plaintiffs secured a favorable termination of the criminal proceedings.

64. The actions of Individual Defendants constitute malicious prosecution of Plaintiffs in violation of the laws of the State of New York.

65. Defendants Dennis Mooney, Scott Curran, Carl Watson and Cornelius Buckley are liable to Plaintiffs for malicious prosecution under New York law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that the Court enter judgment against all Defendants on all counts of this Amended Complaint: (a) awarding Lorna Mansour compensatory damages from Defendants and punitive damages from the Individual Defendants in an amount to be determined at trial; (b) awarding Kenneth Vaphides compensatory damages from Defendants and punitive damages from the Individual Defendants in an amount to be determined at trial; (c) awarding Plaintiffs their costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 and applicable New York law; (d) declaring that the actions of the Defendants violated Plaintiffs' constitutional and common law rights; and (e) granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
March 18, 2013

                        COVINGTON & BURLING

                    By:   /s/ Mari K. Bonthuis
                          Mari K. Bonthuis
                          Emily R. Holness
                          Daniel Lipton

                          The New York Times Building
                          620 Eighth Avenue
                          New York, New York 10018
                          (212) 841-1000
                          mbonthuis@cov.com
                          eholness@cov.com
                          dlipton@cov.com

                          *Attorneys for Lorna Mansour and Kenneth Vaphides*